IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN ALEXANDER PARKER, #T3642                                    PETITIONER

v.                                          CIVIL ACTION NO. 1:14-cv-1-LG-JCG

STATE OF MISSISSIPPI
and JOHNNIE DENMARK                                              RESPONDENTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus, filed by John Alexander Parker pursuant to 28 U.S.C. § 2254 (ECF No. 8). Respondent Johnnie Denmark has filed an Answer (ECF No. 11, 16) and Petitioner a Reply (ECF No. 17). Having considered the submissions of the parties, the record, and relevant legal authorities, the undersigned United States Magistrate Judge recommends that Parker's Petition be dismissed with prejudice as procedurally defaulted. None of the claims presented by Parker have been presented to the Mississippi Supreme Court, and no cause and actual prejudice or miscarriage of justice has been shown.

## PROCEDURAL HISTORY

Parker is a postconviction inmate in the custody of the Mississippi Department of Corrections who, in the Circuit Court of Jackson County, Mississippi, pleaded guilty to exploitation of a child. (ECF No. 11-1). Parker was sentenced by Order issued January 10, 2013, to serve a term of thirty (30) years with twenty-five (25) years to serve day-for-day and five (5) years of post-release supervision. *Id*.

After sentencing, Parker filed a motion to compel in the Mississippi Supreme Court, which was in the nature of a motion for postconviction relief. (ECF No. 11-2). Because Parker's conviction and sentence were by guilty plea and never appealed to the Mississippi Supreme Court, the Mississippi Supreme Court dismissed Parker's motion without prejudice, to be filed in the trial court. (ECF No. 11-3).

Parker then filed three motions for postconviction relief in the Circuit Court of Jackson County, each of which was denied. (ECF No. 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 11-11). Parker only appealed the Order denying his July 19, 2013, motion, a motion which the state trial court denied as a successive writ. (ECF No. 16-11). Parker's appeal was dismissed on October 24, 2013, for failure to pay the costs of appeal. (ECF No. 11-12, 11-13).

On January 2, 2014, Parker filed the instant Petition for Writ of Habeas Corpus, challenging his conviction for exploitation of a child, and raising the following issues:

> A. Ground One - No [psychiatric] test.
> B. Ground Two - Did not have no child involved. It was a female detective act as a 15 year old female or no pictures or no meeting.
> C. Ground Three - Refused to hear motion of fast and speedy trial, took five years to bring to court.
> D. Ground Four - [False] Indictment

(ECF No. 8, at 5-10).

On July 13, 2015, Parker filed a second Petition for Writ of Habeas Corpus in *Parker v. Mississippi,* 1:15-cv-226-LG-JCG, challenging his conviction and raising

2

the following claims:

        A.     Ground One - No psychiatry test.
        B.     Ground Two - No pretrail [sic] court.
        C.     Ground Three - Illegal internet sting.
        D.     Ground Four - Lack of evidence.
        E.     Ground Five - Never read me my rights.
        F.     Ground Six - On medication when they arrested me and took me to court.
        G.     Ground Seven - No child was involved.
        H.     Ground Eight - Lawyer very, very friendly and so much in love with assistant D.A.

(ECF No. 1, at 2, in 1:15-cv-226-LG-JCG). Because both Petitions challenged Parker's conviction for exploitation of a child entered by the Circuit Court of Jackson County, the actions were consolidated for all purposes until further order of the Court. (ECF No. 13).

## LAW AND ANALYSIS

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845

(1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The Mississippi Uniform Postconviction Collateral Relief Act provides an available procedure in state court. *See* Miss. Code Ann. § 99-39-1, *et seq*.

The state trial court's decision denying Parker's motion for postconviction relief as a successive writ, and the only order which Parker timely appealed, was dismissed for Parker's failure to pay the costs of appeal. (ECF No. 11-12, 11-13). Parker's failure to pay these costs renders his claims unexhausted because none of Parker's claims have been reviewed by the Mississippi Supreme Court. *See McDonald v. Epps,* No. 1:14-cv-116-KS-MTP, 2014 WL 5286884, *3 (S.D. Miss. Oct. 15, 2004) (determining that petitioner's claims were unexhausted because the Mississippi Supreme Court had dismissed the petitioner's appeal for failure to pay filing fees). Parker no longer has an avenue available through which to pursue his claims in state court in a procedurally proper manner. Any attempt to file an additional motion for postconviction relief in the state trial court would be procedurally barred as a successive writ. Indeed, the state trial court has warned Parker that future frivolous filings may result in the imposition of sanctions. (ECF No. 16-15) (citing Miss. Code Ann. § 99-39-23(6)).

Mississippi courts (trial and appellate) strictly and regularly follow the successive petition bar. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). The Fifth Circuit has found that the procedural bar in Mississippi Code Section 99-39-23(6) is

an independent and adequate state bar. *See Moawad v. Anderson,* 143 F. 3d 942, 947 (5th Cir. 1998); *Chancellor v. State of Mississippi, et al.*, 129 F. App'x. 878 (5th Cir. 2005); *see also Lott v. Hargett,* 80 F.3d 161, 164-65 (5th Cir. 1996). A return to state court would be fruitless in this case.

Because Parker's state court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). However, a federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

Parker contends that the Court should not find procedural default because of his indigency. (ECF No. 17, at 3-4). Parker was denied *in forma pauperis* status for his appeal of the Circuit Court's order denying his July 19, 2013, motion for postconviction relief. (ECF No. 16-12). Parker submits that he sent in a notice showing "he had no money on his books to pay the fee," and the court still denied him. (ECF No. 17, at 3). Parker's indigent status does not rise to the level of cause. *See, e.g., Jones v. Denmark,* No. 1:14-cv-128-LG-JCG (S.D. Miss. June 22, 2016);

*Palmer v. MDOC,* No. 1:14-cv-203-LG-JCG, 2015 WL 5604239 (S.D. Miss. Sept. 23, 2015); *Clay v. Bingham,* No. 5:10-cv-6-DCB-MTP, 2010 WL 6332046 (S.D. Miss. Aug. 20, 2010). It is well established under Mississippi law that a plaintiff may proceed *in forma pauperis* at the trial level in civil cases, but there is no right to do so on appeal. *See Moreno v. State,* 637 So. 2d 200, 202 (Miss. 1994). No exception to this rule applies here. *Id.*

Parker further argues that he "never received answer" on his three postconviction motions before the Circuit Court of Jackson County, and he "filed all these motions because he never heard anything about nothing." (ECF No. 17, at 3). Parker's lack of knowledge of Mississippi's successive writ bar does not excuse his failure to exhaust available state remedies. Parker has not shown that anything external to him caused his default. *See Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [.]"). Because Parker has failed to demonstrate cause, the Court need not question whether there is actual prejudice. *Id.*; *see Martin,* 98 F.3d at 849 (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Parker has not shown that he is innocent of the crime underlying his

6

conviction. "Mississippi's child exploitation statute is violated when one attempts to exploit a child," even where the perpetrator is soliciting a law enforcement officer who the perpetrator believes is a child. *Schaffer v. State,* 72 So. 3d 1070, 1072 (Miss. 2011). Without any evidence to show that Parker meets the miscarriage of justice exception, the undersigned finds it inapplicable.

Parker's claims are unexhausted and unreviewable. The undersigned recommends that Parker's Petition in both this case and *Parker v. Mississippi,* 1:15-cv-226-LG-JCG, be dismissed with prejudice as procedurally defaulted.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, filed in this case and *Parker v. Mississippi,* 1:15-cv-226-LG-JCG, be dismissed with prejudice as procedurally defaulted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District

Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

  **SIGNED**, this the 10th day of January, 2017.

          *s/ John C. Gargiulo*
          JOHN C. GARGIULO
          UNITED STATES MAGISTRATE JUDGE